Ellen B. Velasco **MARTIN** and **Walther Memorial Hospital**, Petitioners,

v.

John **GARDNER**, Secretary of Health, Education and Welfare Department, Respondent.

**No. 16119.**

United States Court of Appeals
Seventh Circuit.

May 16, 1967.

Gene Shapiro, Chicago, Ill., for petitioner.

Edward V. Hanrahan, U. S. Atty., Chicago, Ill., for respondent.

Before HASTINGS, Chief Judge, and KILEY and CUMMINGS, Circuit Judges.

PER CURIAM.

Petitioners have asked us to review a decision of the Exchange Visitor Review Board of the Health, Education and Welfare Department. Petitioner Martin, a Philippine citizen, was admitted to the United States as an exchange student pursuant to 22 U.S.C. § 2451 et seq. In March 1961, she sought a permanent visa. This request was denied by the Immigration and Naturalization Service because it was not established that she "has resided and been physically present in the country of [her] nationality or [her] last residence, or in another foreign country for an aggregate of at least two years following departure from the United States" (8 U.S.C. § 1182(e)). Pursuant to the Mutual Educational and Cultural Exchange Act of 1961 (75 Stat. 524), petitioners filed an application with the Board seeking a waiver of the aforementioned two-year foreign residence requirement. The application was denied.

To support judicial reviewability of the Board's decision, the petitioners rely upon the Mutual Educational and Cultural Exchange Act of 1961 and upon 8 U.S.C. § 1105a. Respondent has filed a motion to dismiss asserting that the Board's decision is not reviewable.

As to the 1961 Act, petitioners have shown no provision therein entitling them to judicial review of the Board's decision. Our examination of that statute has also uncovered no provision for court review. Therefore, petitioners' first asserted jurisdictional basis is untenable.

As to 8 U.S.C. § 1105a, the courts of appeals have been empowered to review "all final orders of deportation * * * made against aliens within the United States". No deportation order has been entered against petitioner Martin. If a final deportation order is eventually entered against her, that action of the Immigration and Naturalization Service will be judicially reviewable.

Because the Mutual Educational and Cultural Exchange Program Act of 1961 commits the waiver of the requirement of two-year foreign residence to agency discretion, Section 10 of the Administrative Procedure Act (5 U.S.C. § 1009) is also of no avail to petitioners. Cf. Montgom-

ery v. Ffrench, 299 F.2d 730, 735 (8th Cir.1962).

Since no statute empowers this Court to review the Board's discretionary denial of petitioners' application for a waiver of the two-year foreign residence requirement under the Mutual Educational and Cultural Exchange Act of 1961, this petition for review must be dismissed. Samala v. Immigration and Naturalization Service, 336 F.2d 7, 13 (5th Cir.1964).

Respondent's motion to dismiss the petition is granted.